UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

ILSE SENGLAUP,

                    Plaintiff,

     v.

ZIMMER UPSTATE NEW YORK, INC.,
ZIMMER NEW ENGLAND, INC.,
ZIMMER HOLDINGS, INC.,
ZIMMER, INC., ZIMMER US, INC., and
ZIMMER ORTHOPAEDIC SURGICAL
  PRODUCTS,

                    Defendants.

**DECISION
and
ORDER**

07-CV-375S(F)

---

APPEARANCES:        BROWN CHIARI, LLP
                             Attorneys for Plaintiff
                             THERESA M. WALSH, of Counsel
                             5775 Broadway
                             Lancaster, New York 14086

                             BAKER & DANIELS, LLP
                             Attorneys for Defendants
                             J. BYRON HAYES, of Counsel
                             111 East Wayne Street
                             Suite 800
                             Fort Wayne, Indiana 46802

                             BAKER & DANIELS, LLP
                             Attorneys for Defendants
                             J. JOSEPH TANNER, of Counsel
                             Suite 2700
                             300 North Meridian Street
                             Indianapolis, Indiana 46204

                             WARD, NORRIS, HELLER & REIDY, LLP
                             Attorneys for Defendants
                             TONY R. SEARS, and
                             CHERYL A. HELLER, of Counsel
                             300 State Street
                             6th Floor
                             Rochester, New York 14614

This case was referred to the undersigned by Honorable William M. Skretny on June 21, 2007, for nondispositive motions.  The matter is presently before the court on Plaintiff's motion to remand (Doc. No. 21), filed September 10, 2007.[1]

Plaintiff Ilse Senglaup ("Plaintiff") commenced this action on March 29, 2007, in New York Supreme Court, Erie County, alleging personal injury and products liability against Defendants Zimmer Upstate New York, Inc., Zimmer New England, Inc., Zimmer Hodligns, Inc., Zimmer, Inc., Zimmer US, Inc., and Zimmer Orthopaedic Surgical Products ("Defendants").  Specifically, Plaintiff alleges that she sustained severe and permanent injuries caused by knee implants designed, manufactured and marketed by Defendants.

Because the Complaint fails, in accordance with New York Civil Practice Law and Rules ("N.Y. Civ. Prac. L. & R.")[2] § 3017(c) ("§ 3017(c)"), to specify the amount of damages Plaintiff seeks, Defendants, on May 22, 2007, served Plaintiffs' attorney with a Request for Supplemental Demand for Relief ("Demand for Relief Request") pursuant to § 3017(c) seeking an itemization of the monetary relief to which Plaintiff claims she is

---

[1] The undersigned considers a matter of remand as not dispositive as it resolves only the question of whether there is a proper basis for federal jurisdiction to support removal and does not reach a determination of either the merits of a plaintiff's claims or defendant's defenses or counterclaims. Following the decision on remand, the parties may prosecute such claims or defenses, including related dispositive motions, if any, in whichever court the decision may direct the action to proceed.  *Holt v. Tonawanda Coke Corp.*, 802 F.Supp. 866 (W.D.N.Y. 1991); *Acme Electric Corp. v. Sigma Instruments. Inc.*, 121 F.R.D. 26 (W.D.N.Y. 1988).  See *Mahl Bros. Ins. Co., Inc. v. St. Paul Fire & Marine Ins. Co.*, 307 F.Supp.2d 474, 478 (W.D.N.Y. 2004) (Arcara, C.J.) (denying under 28 U.S.C. § 636(b)(1)(A), plaintiff's objections to undersigned's decision denying motion to remand as not "clearly erroneous or contrary to law.").  Should, however, the District Judge disagree, *see, e.g., In re U.S. Healthcare*, 159 F.3d 142, 145-46 (3d Cir. 1998) (holding motion to remand action to state court was dispositive as such motion conclusively determines whether a federal forum is available to address the dispute), then the undersigned's finding regarding the motion to remand should be treated as a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).

[2] Unless otherwise specified, references to N.Y. Civ. Prac. L. & R. are to McKinney 2003.

entitled.  On June 8, 2007, Defendants' attorneys received Plaintiff's Recitation of Total Damages Entitled pursuant to § 3017(c) ("Recitation of Damages"), indicating that Plaintiff claims $ 1 million in damages.  On June 12, 2007, Defendants removed the action to this court asserting the two non-diverse Defendants, *i.e.*, Zimmer Upstate New York, Inc. ("Zimmer Upstate") and Zimmer New England, Inc. ("Zimmer New England"), were fraudulently joined such that there is complete diversity of the parties, and a damage claim exceeding $ 75,000, supporting federal jurisdiction pursuant to 28 U.S.C. § 1332(a).  Notice of Removal  ("Removal Notice") (Doc. No. 1) ¶ 10.

On September 10, 2007, Plaintiff moved to remand the action to New York Supreme Court, Erie County.  (Doc. No. 21).  The motion is supported by the Attorney's Affidavit of Theresa M. Walsh, Esq. ("Walsh Affidavit") (Doc. No. 22), with attached exhibits A through C, and a Memorandum of Law (Doc. No. 23) ("Plaintiff's Memorandum").  Plaintiff asserts in support of remand that Defendants have failed to submit any evidence establishing that Zimmer New England was not involved with the products at issue, but concedes that Zimmer Upstate is not a proper Defendant.  Plaintiff's Memorandum at 2-5.  Significantly, nowhere in the papers Plaintiff filed in support of remand does Plaintiff assert that any Defendant, other than Zimmer Upstate or Zimmer New England, is a citizen of New York.

On September 25, 2007, Defendants filed the Declaration of Tony R. Sears, Esq., in Opposition to Plaintiff's Motion to Remand (Doc. No. 25) ("Sears Declaration").  According to Defendants, the citizenship of neither Zimmer Upstate, nor Zimmer New England should be considered for the purpose of diversity jurisdiction because such entities are not connected to the controversy at issue in this action given that Zimmer

Upstate did not even exist when the products at issue were sold and implanted, and Zimmer New England was never involved in any design, development, manufacture, assembly, supply, distribution, sale or marketing of the subject products.  Sears Declaration ¶¶ 6, 10-11.

By Stipulation filed September 28, 2007 (Doc. No. 26), the parties stipulated to the dismissal of Zimmer Upstate and Zimmer New England as Defendants to this action.  With the dismissal of Zimmer Upstate and Zimmer New England, complete diversity exists as to the remaining parties, rendering Plaintiff's arguments in support of remand without merit.

Based on the foregoing, Plaintiff's motion to remand (Doc. No. 21) is DENIED.

SO ORDERED.

/s/ *Leslie G. Foschio*

LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED:   October 15, 2007
         Buffalo, New York